1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT

9                        EASTERN DISTRICT OF CALIFORNIA

10

11   PATRICK BLACKSHIRE,                        No.  2:15-cv-01123-MCE-CKD

12            Plaintiff,

13       v.                                     **MEMORANDUM AND ORDER**

14   SACRAMENTO COUNTY SHERIFF,

15            Defendant.

16

17        In the Findings and Recommendations filed on July 24, 2015 (ECF No. 9), the

18   Magistrate Judge recommends that the Court dismiss Plaintiff Patrick Blackshire's Third

19   Amended Complaint ("TAC") (ECF No. 8) with prejudice because it fails to state a claim

20   upon which relief can be granted.  Plaintiff, who is proceeding pro se and in forma

21   pauperis, timely filed objections to the Findings and Recommendations.  ECF No. 10.

22   For the reasons that follow, the Findings and Recommendations are REJECTED.

23        The Findings and Recommendations suggest that the TAC fails to state a claim

24   under 42 U.S.C. § 1983 and that Plaintiff alleges "only state law claims."  ECF No. 9 at 2.

25   The Court disagrees.  Although Plaintiff has not expressly invoked § 1983, he does not

26   need to in order to adequately state a claim for relief under that statute.  The United

27   States Supreme Court made as much clear in a per curiam opinion last term.  In

28   Johnson v. City of Shelby, Mississippi, the Supreme Court explained that "no heightened

                                         1

1  pleading rule requires plaintiffs seeking damages for violations of constitutional rights to

2  invoke § 1983 expressly in order to state a claim."  135 S. Ct. 346, 347 (2014) (per

3  curiam).  The issue in <u>Johnson</u> was whether the failure to invoke a specific <u>legal</u> theory

4  was fatal to the plaintiffs' complaint.  In rejecting that argument, the Supreme Court

5  reasoned that its prior decisions in <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009) and <u>Bell</u>

6  <u>Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007) were inapposite because they

7  concerned, to the contrary, "<u>factual</u> allegations a complaint must contain to survive a

8  motion to dismiss."  <u>Id.</u>  More specifically, the Court explained:

9
10
11
12
13

> A plaintiff . . . must plead facts sufficient to show that her claim has substantive plausibility.  Petitioners' complaint was not deficient in that regard.  Petitioners stated simply, concisely, and directly events that, they alleged, entitled them to damages from the city.  Having informed the city of the factual basis for their complaint, they were required to do no more to stave off threshold dismissal for want of an adequate statement of their claim.

14  <u>Id.</u>  That language, coupled with the long-established principle that pro se complaints

15  should be construed liberally,[1] precludes the Court from dismissing the TAC for want of

16  an adequate legal statement.

17      Here, Plaintiff alleges that despite having an order from a Sacramento County

18  Superior Court Judge to release Plaintiff from custody by midnight of May 11, 2015, the

19  Sacramento County Sheriff did not release Plaintiff until a week after that date.  The

20  Ninth Circuit long ago made clear that "[a] prisoner's petition for damages for excessive

21  custody can be a legitimate § 1983 claim."  <u>Haygood v. Younger</u>, 769 F.2d 1350, 1359

22  (9th Cir. 1985) (en banc).  The Court finds that the TAC adequately sets forth a § 1983

23  excessive custody claim.

24      Finally, in his Objections to the Findings and Recommendations, Plaintiff states

25  that he cannot afford legal representation.  ECF No. 10.  The Court construes the

26  Objections as a motion for the appointment of counsel.

27  ///

28

---

[1]  <u>See</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 595-96 (1972) (per curiam).

1
2
3
4
5

> Generally, a person has no right to counsel in civil actions. However, a court may under "exceptional circumstances" appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). When determining whether "exceptional circumstances" exist, a court must consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Neither of these considerations is dispositive and instead must be viewed together.

6

7   Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (citations omitted).

8   Both considerations warrant the appointment of counsel in this case. As to the

9   likelihood of success on the merits, Plaintiff has at least stated a claim for relief; if he is

10   able to produce evidence in support of the factual allegations in the TAC, he may well

11   prevail in this action. As to the second consideration, Plaintiff's various filings indicate an

12   inability to articulate his claims. Although the Court finds that Plaintiff has adequately

13   stated a claim in his TAC, the Magistrate Judge properly dismissed Plaintiff's first three

14   complaints (ECF Nos. 1, 4, 6) for failing to state a claim. See ECF Nos. 3, 5, 7. The

15   Court also notes that the TAC includes a booking summary, which bears Plaintiff's name

16   and a reference to California Penal Code section 1372—a statute that relates to the

17   competency of criminal defendants. ECF No. 9 at 2. The Court therefore finds that

18   exceptional circumstances warrant the appointment of counsel in this action.[2]

19   Accordingly, it is HEREBY ORDERED that:

20   1.   The Findings and Recommendations dated July 24, 2015 (ECF No. 9) are

21   REJECTED. Plaintiff may proceed on his Third Amended Complaint (ECF No. 8), which

22   adequately states a § 1983 excessive custody claim against Defendant Sacramento

23   County Sheriff.

24   ///

25   ///

26
27
28

---

[2] The Court notes that Plaintiff has filed eight other cases in this District since 2012. See Case Nos. 2:12-cv-1803-JAM-GGH; 2:12-cv-02136-KJN; 2:12-cv-02137-KJM-DAD; 2:12-cv-02568-MCE-GGH; 2:15-cv-01122-KJN; 2:15-cv-01124-KJM-DAD; 2:15-cv-01125-KJM-DAD; 2:15-cv-01261-GEB-DAD. The appointment of counsel authorized by this Order is limited to representation in this action (i.e., case number 2:15-cv-01123-MCE-CKD).

1        2. The Court construes Plaintiff's Objections to the Findings and

2    Recommendations (ECF No. 10) as a motion for the appointment of counsel and hereby

3    GRANTS that motion.

4        3. This action is referred to the Court's Alternative Dispute Resolution and Pro

5    Bono Program Director Sujean Park to locate an attorney who is admitted to practice in

6    this Court and is willing to accept the appointment.

7        4. When Plaintiff's appointed counsel serves Defendant Sacramento County

8    Sheriff, Defendant will be required to comply with Federal Rule of Civil Procedure 12(a)

9        IT IS SO ORDERED.

10   Dated:  September 18, 2015

11

12

13   _____

14   MORRISON C. ENGLAND, JR., CHIEF JUDGE
     UNITED STATES DISTRICT COURT

15

16

17

18

19

20

21

22

23

24

25

26

27

28